UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CRIMINAL DIVISION
CASE NO.: 11-20848-CR-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROBERTO LOPEZ PERDIGON,

    Defendant.

_____/

**RESPONSE TO GOVERNMENT'S RULE 35 MOTION FOR REDUCTION OF SENTENCE FOR SUBSTANTIAL ASSISTANCE AND DEFENDANT'S UNOPPOSED REQUEST FOR A HEARING (15 MINUTES)**

    Roberto Perdigon was sentenced on May 30, 2013 to 210 months. He had been cooperating with the Government since the time of his arrest, and his assistance was arguably sufficient to warrant a downward departure motion under Section 5K1 of the United States Sentencing Guidelines. However, the parties agreed that consideration of his cooperation would be delayed and reviewed in a potential motion under Rule 35, and the parties jointly recommended the sentence this Court imposed.

    Seven years later -- Mr. Perdigon has now served 99 months, the equivalent of 112 months including the gain time he has earned under the statutes governing the Bureau of Prisons -- that motion is finally before this Court. The Government

1

has acknowledged Mr. Perdigon's substantial assistance in "securing the indictment of seven drug traffickers in separate cases and remained ready to testify in each one and an additional case. <u>See</u>, Governments Motion at pp. 1-2. The United States Attorney's Office now recommends a downward departure of 40%, to 126 months.

In response, the defense is recommending a slightly greater departure of approximately 45%, to 112 months. If the Court accepts this small difference, it will, in effect, terminate Mr. Perdigon's sentence and initiate the commencement of removal proceedings and his return, after a 3-4-month sojourn in immigration custody, to Venezuela.

The difference between our recommendation and that of the Government's is small. If this Court sets this matter down for a hearing, Mr. Perdigon's cooperation will be laid out by the Government. That presentation will reveal that the Defendant rendered substantial assistance in at least 8 cases, and provided additional information to law enforcement in dozens of cases, across several agencies, and over a long period of time. That presentation may convince this Court that 126 months is the right number; or, given the small difference, this Court may decide that Mr. Perdigon has served enough time, and find that 112 months is the right number.

This Court has observed on many occasions that sentencing is not a science. The defense would be the first to acknowledge that this Court's weighing the value of Mr. Perdigon's assistance is a subjective endeavor, and the calculus involves a variety of factors. So, rather than arguing the nature, quality and breadth of the assistance rendered, or why 126 months is too much, or why 112 months is just right, our position is simply this: we believe Mr. Perdigon has served a sufficient amount of time when one contrasts his criminal conduct against his cooperation and acceptance of responsibility, and that a sentence which results in his immediate removal and return to Venezuela is fair, reasonable, and meets the command of

Section 3553(a): that a fair sentence is one which is " not greater than necessary " after "consideration of the nature and circumstances of the offense and the history and characteristics of the defendant" as well as the various other factors Congress set forth in § 3553(a)(2).

## REQUEST FOR RELIEF

The defense respectfully submits that Mr. Perdigon has served 99 months, the Bureau of Prison's equivalent of 112 months, and will be in custody for another 3-4 months before he is removed to Venezuela. Unless this Court needs to hear additional evidence or argument, he asks this Court to grant the Government's Motion and reduce the sentence from 210 months to 112 months.

Respectfully submitted,

PETER RABEN, P.A.
Counsel for Defendant
6409 Grebe Court
Lake Worth, Florida 33463
Telephone: (305) 379-1401
praben@bellsouth.net

By: /s/ Peter Raben
PETER RABEN, ESQUIRE
Florida Bar No.: 231045

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been electronically filed with the Clerk of the Court using CM/ECF and furnished by electronic delivery on this 4th day of December, 2020 to the following:

Lynn Kirkpatrick
Assistant U.S. Attorney

                                                          By: /s/ Peter Raben
                                                             PETER RABEN, ESQUIRE
                                                             Florida Bar No.: 231045